**Anush KESEMYAN; et al., Petitioners,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 06–72963.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 8, 2008.*

Filed Sept. 24, 2008.

Marjan H. Bahmani, Esquire, Law Offices of Marjan H. Bahmani, Encino, CA, for Petitioners.

Sada Manickam, Esquire, Trial, Carl H. McIntyre, Jr., Esquire, Assistant Director, OIL, U.S. Department of Justice, Washington, DC, CAC–District Counsel, Esquire, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: TASHIMA, SILVERMAN, and N.R. SMITH, Circuit Judges.

MEMORANDUM **

Anush Kesemyan, a native of Iran and citizen of Armenia, and her son and daughter, natives and citizens of Armenia, petition for review of the Board of Immigration Appeals' ("BIA") order dismissing their appeal from an immigration judge's ("IJ") decision denying their application for asylum. We have jurisdiction under 8

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. Petr. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3. Therefore, the request for oral argument is denied.

U.S.C. § 1252. When the BIA conducts a de novo review of the IJ's findings, we review the BIA's decision for substantial evidence. *Salazar–Paucar v. INS,* 281 F.3d 1069, 1073 (9th Cir.2002). We grant in part and deny in part the petition for review.

■ The BIA denied asylum on the ground that the mistreatment Kesemyan and her family suffered did not rise to the level of persecution. To the contrary, the record compels the conclusion that the harms Kesemyan and her family suffered on account of their religion, when considered cumulatively, constitute past persecution. *See Mashiri v. Ashcroft,* 383 F.3d 1112, 1121 (9th Cir.2004); *see also Salazar–Paucar,* 281 F.3d at 1075 (evidence of harm to petitioner's family supports a finding of past persecution). Because petitioners established past persecution, we remand Kesemyan's asylum claim to the BIA to apply the presumption of well-founded fear of future persecution. *See* 8 C.F.R. § 208.13(b)(1); *INS v. Ventura,* 537 U.S. 12, 16–17, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).

■ Petitioners do not raise claims for withholding of removal or protection under the Convention Against Torture in their opening brief, and therefore these claims are waived. *See Martinez–Serrano v. INS,* 94 F.3d 1256, 1259–60 (9th Cir.1996).

**PETITION FOR REVIEW GRANTED in part; DENIED in part.**